IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:10-cv-716

| | |
|---|---|
| Joseph Trinidad and Anthony Paupaw, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Ocwen Loan Servicing, LLC and Saxon ) <br> Mortgage Service, ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | **OCWEN LOAN SERVICING, LLC'S OPPOSITION TO PLAINTIFFS' PETITION FOR TEMPORARY INJUNCTION** |

Defendant Ocwen Loan Servicing, LLC ("**Ocwen**"), by and through counsel, hereby submits this Opposition to Plaintiffs' Motion for Temporary Injunction.[1] For the reasons stated herein, Plaintiffs' Motion for Preliminary Injunction should be denied.

## NATURE OF THE CASE

The action arises out of Plaintiffs' purchase of real property located at 3513 Covent Oak Court, High Point, North Carolina on or about December 21, 2005. Plaintiffs obtained a loan in the amount of $134,320.00 from Novastar Mortgage, Inc. to finance their purchase. Although Plaintiffs have defaulted on multiple occasions in the past and have received the benefit of multiple loan modifications in attempts by Ocwen to prevent foreclosure, Plaintiffs have re-defaulted on their most recent loan modification, forcing Ocwen, as servicer and attorney-in-fact for the current holder, to instruct the Substitute Trustee to institute a foreclosure proceeding against them. The foreclosure proceeding has commenced, and an order has been entered by a

---

[1] Although the filing by Plaintiffs is titled a "Petition for Temporary Injunction," it will be treated and referred to as a Motion for Preliminary Injunction or the "**Motion**."

North Carolina Superior Court finding that all requirements for a foreclosure under North Carolina law have been met.

Plaintiffs now are asking this Court to enjoin Ocwen from prosecuting the foreclosure action against them. Notwithstanding Plaintiff's "Petition for Temporary Injunction," the Federal Anti-Injunction Act prohibits Plaintiffs from obtaining an injunction in federal court that would stay the foreclosure proceeding in state court. Moreover, Plaintiffs' Motion relies solely on conclusory, implausible allegations of wrongdoing that are inaccurate and insufficient to support a preliminary injunction.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs obtained a loan in the principal amount of $134,320.00 on or about December 21, 2005, which loan was evidenced by a promissory note (the "**Note**") and secured by a deed of trust recorded in book 6455, page 2561 of the Guilford County Registry. See **Exhibit A**, Note and Deed of Trust. Such Deed of Trust claims a security interest in a parcel of real property located at 3513 Covent Oak Court, High Point, North Carolina. Although Plaintiffs allege that the loan was a "refinance" transaction, it was not a "refinance" but instead a loan made to finance the original purchase of the property. See **Exhibit B**, General Warranty Deed. In February 2007, when Plaintiffs first failed to make monthly payments when due, thereby defaulting under the terms of the Note, Ocwen agreed to a loan modification that enabled Plaintiffs to bring their account current (the "**First Loan Modification**") and prevented foreclosure the first time. See **Exhibit C**, Loan Modification Agreement. Subsequently, Plaintiffs again defaulted by failing to make timely payments pursuant to the terms of the First Loan Modification and in January 2009, Ocwen again attempted to work with Plaintiffs and keep them out of foreclosure a second time by offering Plaintiffs yet another loan modification (the

2

"**Second Loan Modification**"). See **Exhibit D**, Affidavit of Indebtedness & Default and Loan Modification Agreement (II). After Plaintiffs defaulted on the Second Loan Modification, a foreclosure proceeding was commenced against Plaintiffs before the Clerk of Superior Court of Guilford County by means of a special proceeding bearing file number 10-SP-273 (the "**Foreclosure**").

On October 5, 2010, after hearing evidence and examining the appropriate affidavits and certified copies of documents, the state court found that there is a valid debt owed by Plaintiffs, Joseph Trinidad and Andrew Paupaw. See **Exhibit E**, Foreclosure Order. The court also found that HSBC Bank USA, N.A. as Trustee for the registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE3, is the holder of the Note, and that the Note is currently in default. Id. Finding that all other requirements for a foreclosure were satisfied, including that the Deed of Trust contains the right to foreclose as a remedy for default, the Assistant Clerk of Superior Court of Guilford County entered the order allowing a foreclosure sale to proceed pursuant to N.C. Gen. Stat. § 45-21.16 (the "**Foreclosure Order**"). Id.

N.C. Gen. Stat. § 45-21.16(d1) explicitly requires that an appeal of the Foreclosure Order be made to a North Carolina Superior Court Judge within ten (10) days. Plaintiffs have not appealed the Foreclosure Order to a North Carolina Superior Court Judge within the requisite 10-day period, and are instead petitioning this Court for relief.

On September 17, 2010, Plaintiffs filed a Motion for Temporary Injunction asking this Court to enjoin Defendant Ocwen from prosecuting the Foreclosure despite the fact that a) they had stopped paying on the loans and have breached their loan agreement; and b) Ocwen had made multiple attempts to work with Plaintiffs in an attempt to keep them out of foreclosure via the First and Second Loan Modifications. However, the Federal Anti-Injunction Act prohibits

3

Plaintiffs from obtaining an injunction in federal court that would stay foreclosure proceedings in state court. Additionally, Plaintiffs' Motion relies solely on conclusory, implausible allegations of wrongdoing that are inaccurate and insufficient to support a preliminary injunction. Finally, the Foreclosure Order entered on October 5, 2010 is a finding that all North Carolina statutory requirements for a foreclosure proceeding have been met and, because Plaintiffs did not appeal it in a timely manner to a court with proper jurisdiction, is a final order entitled to preclusive effect.

## ARGUMENT

### I. Plaintiffs Cannot Enjoin a Foreclosure Action Against Them in State Court.

In their Motion, Plaintiffs allege they are entitled to an injunction preventing "defendant" from foreclosing on the property. However, this argument wholly ignores issues of federalism, including the Federal Anti-Injunction Act. The Anti-Injunction Act, 28 U.S.C. § 2283, "bars federal courts from granting injunctions to stay proceedings in state court." Employers Resource Mgmt Co. v. Shannon, 65 F.3d 1126, 1129-30 (4th 1995). Specifically, the Anti-Injunction Act (the "**Act**") provides as follows:

> A court of the United States *may not grant an injunction to stay proceedings in a State court* except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C.A. § 2283 (emphasis added).

The purpose of this statutory provision is to provide "a limitation on the ability of federal courts to interfere with the state judicial system." Shannon, 65 F.3d at 1129-30. As the Fourth Circuit has stated,

> We take seriously the mandate in the Anti-Injunction Act and recognize that for over two hundred years, the Act has helped to define our nation's system of federalism. As the Supreme Court observed in Chick Kam Choo, the Act serves as a 'necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. The consistent

4

understanding has been that its [the Act's] basic purpose is to prevent needless friction between state and federal courts.' Any discussion of federalism will, by its very nature, involve a balancing of federal and state interests, and the Anti-Injunction Act plays a critical role in ensuring that the proper balance is maintained.

Id. (citations omitted). As such, the Act constitutes "an absolute prohibition against any injunction of any state-court proceeding" unless it falls within one of the narrow exceptions enumerated in the Act. Denny's, Inc. v. Cake, 364 F.3d 521, 528-29 (4th Cir. 2004).

In the case at bar, Plaintiffs' proposed injunction falls squarely within the scope of the Act. Plaintiffs are seeking an injunction "preventing defendant from foreclosing on the property." (Pls' Petition at 25). Moreover, Plaintiffs acknowledge that an injunction would apply to a foreclosure sale scheduled by a North Carolina state court. (Pls' Petition at 25) ("[D]efendant has scheduled the above referenced sale for the week of October 26th, 2010."). Therefore, Plaintiffs' proposed injunction is precisely the type of action the Act was intended to prohibit.[2]

Further, Plaintiffs cannot circumvent the Act by narrowly couching their request as seeking to indirectly enjoin "defendant" from proceeding with the Foreclosure, as opposed to seeking to directly enjoin the state court from hearing or proceeding with the Foreclosure. The Fourth Circuit has repeatedly and unequivocally held that the Anti-Injunction Act applies with equal force to injunctions to prevent parties from prosecuting state court actions. See Bryan v. BellSouth Commc'ns, Inc., 492 F.3d 231, 236 (4th Cir. 2007) ("The Anti-Injunction Act's

---

[2] Plaintiffs' proposed injunction does not fall within any of the three narrow exceptions enumerated in the Act: (1) injunctions expressly authorized by statute; (2) injunctions necessary to aid the court's jurisdiction; or (3) injunctions required to protect or effectuate the court's judgments. Shannon, 65 F.3d at 1129-30 ("The exceptions are construed narrowly, however, and are not to be enlarged by loose statutory construction."). Plaintiffs do not identify any statutes authorizing this Court to enjoin state court proceedings or any basis for the foreclosure action interfering with the Court's jurisdiction. See Attick v. Valeria Associates, L.P., 835 F.Supp. 103, 114-15 (S.D.N.Y. 1992) (exceptions did not apply to allow injunction of state foreclosure proceedings). Similarly, the foreclosure action is not seeking to relitigate or challenge some previous federal judgment.

prohibition against the enjoining of state proceedings... extends to injunctions against parties to the state-court litigation."); In re American Honda Motor Co. Dealerships Relations Lit., 315 F.3d 417, 439 (4th Cir. 2003) ("This prohibition extends to indirect injunctions against parties."). Plaintiffs cannot avoid the legislative mandate of the Anti-Injunction Act by attempting to enjoin the Foreclosure indirectly by enjoining Ocwen from prosecuting that action. Therefore, Plaintiffs' Motion should be denied.

## II. Plaintiffs Are Not Entitled to an Injunction.

Even if Plaintiffs were not statutorily barred from obtaining an injunction preventing the state court action, Plaintiffs cannot establish that they are entitled to a preliminary injunction. "Preliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." In re Microsoft Corp. Antitrust Lit., 333 F.3d 517, 524 (4th Cir. 2003). As such, a preliminary injunction should not be granted unless the moving party makes a "clear showing" that it is entitled to injunctive relief. Winter v. Natural Res. Defense Council, Inc., 129 S. Ct. 365, 376 (2008); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) ("A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought."). In the case at bar, Plaintiffs' conclusory and unsupported allegations are insufficient to constitute a "clear showing" of their right to injunctive relief, and thus Plaintiffs' Motion should be denied.

### A. Plaintiffs Are Not Likely to Succeed on the Merits.

The Supreme Court in Winter, recognizing that a preliminary injunction affords relief before trial, requires that the plaintiff make a clear showing that it will likely succeed on the merits at trial. 129 S. Ct. at 376. Ocwen expressly incorporates the arguments contained in its Motion and Memorandum in Support of its Motion to Dismiss the Complaint. Further, Plaintiffs

6

signed a valid and enforceable waiver of all of the claims against Ocwen that they are now attempting to assert in the present case. As consideration for Ocwen's agreement to modify the terms of their loan, Plaintiffs agreed to the following:

> BY EXECUTING THIS MODIFICATION, YOU FOREVER IRREVOCABLY WAIVE AND RELINQUISH ANY CLAIMS, ACTIONS OR CAUSES OF ACTION, STATUTE OF LIMITATIONS OR OTHER DEFENSES, COUNTERCLAIMS OR SETOFFS OF ANY KIND WHICH EXIST AS OF THE DATE OF THIS MODIFICATION, WHETHER KNOWN OR UNKNOWN, WHICH YOU MAY NOW OR HEREAFTER ASSERT IN CONNECTION WITH THE MAKING, CLOSING, ADMINISTRATION, COLLECTION OR THE ENFORCEMENT BY OCWEN OF THE LOAN DOCUMENTS, THIS MODIFICATION OR ANY OTHER RELATED AGREEMENTS.

**Exhibit C** p. 2, ¶ 7; **Exhibit D**, p. 2, ¶ 11. Therefore, because Plaintiffs have waived and released all claims against Ocwen, they cannot succeed on the merits at trial and their Motion should be denied.

B.  Collateral Estoppel.

Although Plaintiffs waived their right to contest the issues adjudicated by the Clerk in the Foreclosure by failing to appeal in the manner provided by North Carolina law, they now improperly attempt to relitigate three of the issues specifically ruled on by the state court. In their Motion, Plaintiffs assert that they will be able to show that 1) "the alleged real party in interest is unable to prove standing to foreclose against and sell the property;" 2) "(d)efendant has no agency to represent the real party in interest;" and 3) "that the lender committed numerous acts, as listed above, that have the effect of rendering the contract, through which defendant claims authority, void and unenforceable." (Pls' Petition at 24). Each of these claims contradicts the findings by the state court in its Foreclosure Order.

7

Specifically, Plaintiffs had the right to appeal de novo the Foreclosure Order, but failed to exercise this right in the manner prescribed by North Carolina law: they did not make an appeal to a North Carolina Superior Court Judge within the ten (10) days required under N.C. Gen. Stat. § 45-21.16(d1) and are instead petitioning this Court for relief. The doctrine of collateral estoppel, or issue preclusion, bars Plaintiffs from bringing these claims before this Court. "[C]ollateral estoppel precludes the subsequent adjudication of a previously determined issue, even if the subsequent action is based on an entirely different claim." Whitacre P'ship v. Biosignia, Inc., 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004). The Foreclosure Order expressly found that the Note is valid and enforceable, that the Deed of Trust contains the power of sale as a remedy for default, and that no valid defense was presented to the Court as to why the Foreclosure should not proceed. **See Exhibit E**. Thus, because Plaintiffs are collaterally estopped from pursuing the very claims on which they rely for their request for the preliminary injunction, they are unable to make the requisite clear showing of a likelihood of success on the merits and their Motion should be denied.

C. The Balance of Equities Does Not Favor Plaintiffs.

In support of their argument that the balance of equities tips in their favor, Plaintiffs allege that "the defendant and plaintiff will benefit as if plaintiff is forced to vacate the property, the property will sit empty for the duration of the action." (Pls' Petition at 24). However, this assertion minimizes the effect of an injunction on Ocwen and ignores Plaintiffs own malfeasance.

Although Plaintiffs couch themselves as innocent parties, the very foreclosure action they seek to enjoin is based solely on Plaintiffs' own defaults under their loan agreement and the First and Second Loan Modifications—modifications agreed to by Ocwen to prevent Plaintiffs from

8

foreclosure. This Motion is thus nothing more than an attempt by Plaintiffs to obtain court-sanctioned grounds for continuing to breach their loan agreement and delay the holder's right to seek redress for their own breach of contract. As a matter of equity, Plaintiffs cannot properly enjoin Ocwen or the holder from collecting under the loan agreement when Plaintiffs themselves have materially breached that agreement. Combined Ins. Co. of America v. McDonald, 36 N.C.App. 179, 182-183, 243 S.E.2d 817, 819 (1978) (holding that an injunction "will not be granted to a party who has himself breached the terms of the contract when his breach is substantial and material and goes to the heart of the agreement"). As such, Plaintiffs cannot establish that the equities weigh in their favor, and their Motion should be denied.

D.   Injunctive Relief Would Not Serve the Public Interest.

Plaintiffs allege that an injunction would serve the public interest "because there are already a great number of empty houses with the current residential foreclosure mess. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity." (Pls' Petition at 25). As discussed above, the Foreclosure is predicated solely on Plaintiffs' default under their loan agreement. A foreclosure action would not have been brought against Plaintiffs had they continued to make their loan payments and complied with the terms of the several modifications offered to them in an effort to prevent foreclosure. Injunctions preventing lenders from collecting from borrowers who admittedly have failed to comply with the terms of the loan agreement would not serve the public interest. Instead, such injunctions would harm the public interest by allowing borrowers who fall behind on their loan payments to avoid foreclosure and avoid payment under their loans merely by filing a fraud-based claim in another court to enjoin the lender from asserting its contractual rights. As

such, the public interest would not be served by an injunction in this case, and Plaintiffs' Motion should be denied.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Ocwen Loan Servicing, LLC respectfully requests that this Honorable Court deny Plaintiffs' Motion for Preliminary Injunction.

This the 3rd day of November 2010.

/s/ *Mathias H. Hunoval*
North Carolina Bar Number: 31603
The Hunoval Law Firm, PLLC
501 Minuet Lane, #104A
Charlotte, NC 28217
Telephone: (704) 334-7114
Facsimile: (704) 417-3225
E-mail: matt@hunovallaw.com
***Attorney for Ocwen Loan Servicing, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

And I hereby certify that I have mailed the foregoing to the following non CM/ECF participants:

Joseph Trinidad and Anthony Paupaw
3513 Covent Oak Court
High Point, North Carolina 27265

***Plaintiffs, pro se***

/s/ *Mathias H. Hunoval*
North Carolina Bar Number: 31603
The Hunoval Law Firm, PLLC
501 Minuet Lane, #104A
Charlotte, NC 28217
Telephone: (704) 334-7114
Facsimile: (704) 417-3225
E-mail: matt@hunovallaw.com
***Attorney for Ocwen Loan Servicing, LLC***