IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:10-cv-716

| | |
|---|---|
| Joseph Trinidad and Anthony Paupaw, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Ocwen Loan Servicing, LLC and Saxon ) <br> Mortgage Service, ) <br> ) <br> Defendants. ) <br> ) <br> . ) | **OCWEN LOAN SERVICING, LLC'S** <br> **MOTION TO DISMISS** |

NOW COMES Defendant Ocwen Loan Servicing, LLC ("**Ocwen**") by and through the undersigned counsel, and moves the Court to dismiss this action with prejudice pursuant to Rules 9(b), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiffs have failed to plead fraud with particularity, this Court lacks subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. In support thereof, Ocwen shows the Court as follows:

1. Plaintiffs filed this action on or about September 17, 2010 seeking to recover damages related to the foreclosure of a parcel of property located in Guilford County, North Carolina.

2. This Court lacks subject matter jurisdiction over this matter based on the Rooker/Feldman doctrine.

3. Plaintiffs' Complaint is an attempt to re-litigate issues that have already been judicially determined by North Carolina State Courts.

4. Plaintiffs allege in their Complaint that collection proceedings have been initiated and ask the Court for an "emergency restraining order enjoining lender and any successor in interest from foreclosing on Petitioner's Property." (Complaint, at 2, 23). The target for their claims is a foreclosure proceeding commenced before the Clerk of Superior Court in Guilford County, North Carolina bearing file number 10-SP-273.

5. Plaintiffs assert that the "power of sale contained in the Deed of Trust is of no force or effect" and that "Defendants are not the holder in due course of the promissory note." (Complaint, at 18). North Carolina Statutes set forth the procedure for Clerks of Court to determine the validity of a debt subject to foreclosure and specifically provide that "the act of the clerk in so finding or refusing to find is a judicial act." N.C. Gen. Stat. § 45-21.16(d1). Accordingly, the issue of the identity of holder of the note and deed of trust has already been judicially established pursuant to N.C. Gen. Stat. § 45-21.16.

6. North Carolina Statutes provide for a means of appeal of the judicial act of the Clerk of Court in finding whether a particular party is the actual holder of a note and deed of trust. N.C. Gen. Stat. § 45-21.16(d1). Plaintiffs did not pursue the means of appeal provided under North Carolina law, but have attempted to litigate those issues here.

7. North Carolina Statutes also provide a means for seeking an injunction of foreclosure proceedings where equitable grounds exist to stop a foreclosure. N.C. Gen. Stat. § 45-21.34. Plaintiffs have not pursued the means available to them under North Carolina law for seeking such an injunction, but have attempted to use this Court as a means for obtaining an injunction instead.

8. Plaintiffs make a rambling series of allegations that do not make sense and do not support a cause of action.

9. Rule 9(b) of the Federal Rules of Civil Procedure requires that all allegations of fraud be stated "with particularity." Fed. R. Civ. P. 9(b). Plaintiffs have not provided the Court with a single factual allegation to support their fraud claim.

WHEREFORE, Defendant Ocwen Loan Servicing, LLC prays that the Court dismiss this action with prejudice, that the costs of this action be taxed against Plaintiffs, and for such other and further relief as the Court may deem just and proper.

This the 3rd day of November 2010.

> */s/ Mathias H. Hunoval*
> North Carolina Bar Number: 31603
> The Hunoval Law Firm, PLLC
> 501 Minuet Lane, #104A
> Charlotte, NC 28217
> Telephone: (704) 334-7114
> Facsimile: (704) 417-3225
> E-mail: matt@hunovallaw.com
> ***Attorney for Ocwen Loan Servicing, LLC***

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

And I hereby certify that I have mailed the foregoing to the following non CM/ECF participants:

Joseph Trinidad and Anthony Paupaw
3513 Covent Oak Court
High Point, North Carolina 27265

*Plaintiffs, pro se*

> */s/ Mathias H. Hunoval*
> North Carolina Bar Number: 31603
> The Hunoval Law Firm, PLLC
> 501 Minuet Lane, #104A
> Charlotte, NC 28217
> Telephone: (704) 334-7114
> Facsimile: (704) 417-3225
> E-mail: matt@hunovallaw.com
> ***Attorney for Ocwen Loan Servicing, LLC***