Joseph Trinidad & Anthony Paupaw
3513 Covent Oak Court
High Point, NC 27265

Ocwen Loan Servicing, LLC, initiated foreclosure actions against Plaintiff without demonstrating that:
- the alleged real party in interest, for whom defendant claimed to act as agent is in fact a true party in interest in the promissory note alleged by defendant;
- defendant is in fact a proper agent for the real party in interest to the alleged promissory note;
- that the real party in interest held a valid lien against the property;
- that defendants had complied with all relevant laws.

Plaintiff has no knowledge that the defendant is a proper agent for the alleged real party in interest and has no knowledge that the entity claiming to be the real party in interest, has a valid claim against the property on which Ocwen Loan Servicing, LLC is attempting to foreclose.

Plaintiff has reason to believe that, immediately after we signed the promissory note and a lien document providing a lien against the property in question, Novastar to whom the lien was granted, traded the promissory note to a third party. In as much as the lien was not transferred to that same party, Novastar still held a lien. Plaintiff alleges that, Novastar accepted consideration in exchange for the promissory note created by the Plaintiff. In as much as Novastar accepted the offered consideration, Novastar was compensated and could no longer be harmed by any failure on the part of Plaintiff to comply with the provisions of the promissory note, thus rendering the lien held by Ocwen Loan Servicing, LLC unenforceable. Further, in as much as the purchaser of the promissory note accepted the note in exchange for consideration provided to Novastar, the transaction, once completed left the purchaser (Ocwen Loan Servicing, LLC) with a claim against the signatory of the promissory note, but no claim against the property.

It is further alleged that Novastar retained the lien document in furtherance of a scheme to hold the lien for three years then file an Internal Revenue Service Form 1099a and claim the full amount of the lien as abandoned funds so that Novastar could receive consideration a second time. Later, after receiving consideration on the transaction twice, Novastar transferred the void lien to some third party.

It is the position of Plaintiff that:
- defendant has no claim against the property;

- even if such standing could be demonstrated, the purported agent for the principal has failed to properly demonstrate agency in this instant matter;

- even if such agency could be demonstrated, defendant has failed to abide by the provisions of the Serviceman's Civil Protection Act of 1940 and, thereby, is estopped by UCC 3-501 from further collections and has no standing to invoke the subject matter jurisdiction of the court

Respectfully,

_____  _____
Joseph Trinidad            Anthony Paupaw

Affidavit for Preliminary Injunction                                  11/17/2010

Case 1:10-cv-00716-NCT-WWD   Document 20   Filed 11/17/10   Page 1 of 2

I hereby state that the above is true to the best of my knowledge and understanding.

Date: 11/17/10, 2010          BY: *[signature]*
                                   JOSEPH TRINIDAD
                                   3513 COVENT OAK COURT
                                   HIGH POINT, NC 27265
                                   (336) 471-1300

                              AND *[signature]*
                                   ANTHONY EUGENE PAUPAW
                                   3513 COVENT OAK COURT
                                   HIGH POINT, NC 27265

**Jurat**

State of NORTH CAROLINA

County of Guilford

Subscribed and sworn to (or affirmed) before me on this 17 day of November, 2010 by Joseph Trinidad and Anthony Eugene Paupaw, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

*[signature]* Ruth A Kormendy
Signature of Notary Public

RUTH A KORMENDY
NOTARY PUBLIC
GUILFORD COUNTY
NORTH CAROLINA
(Seal)
My Commission Expires August 20, 2011